IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

UNITED STATES OF AMERICA

v.  CRIMINAL NO. 3:08cr109DCB-FKB

WARREN CLIFTON PIERCE

## ORDER OF FORFEITURE

PURSUANT to a separate Plea Agreement between **WARREN CLIFTON PIERCE**, by and with the consent of his attorney, and the **UNITED STATES OF AMERICA** (hereinafter "the Government"), the Court finds as follows:

1. The defendant is fully aware of the consequences of having agreed to forfeit to the Government his interests in and to the hereinafter described property, having been apprised of such by his attorney and by this Court; and he has freely and voluntarily, with knowledge of the consequences, entered into a Plea Agreement with the Government to forfeit such property.

2. Pursuant to the aforesaid Plea Agreement, the Court finds that the **$1,644,360.00 Money Judgment** constitutes or was derived from proceeds that the defendant obtained, directly or indirectly, as a result of the offenses charged in Count 1 of the Indictment and/or was involved in the offenses charged in Count 1 of the Indictment. Such property is, therefore, subject to forfeiture pursuant to Section 981(a)(1)(c), Title 18, United States Code, and Section 2461, Title 28, United States Code.

3. The defendant has been apprised that Rule 32.2 of the Federal Rules of Criminal Procedure, and Title 18, United States Code, Section 982 require the Court to order the forfeiture of the **$1,644,360.00 Money Judgment**, at, and as a part of, the sentencing proceeding. Pursuant

to the Plea Agreement filed in this case executed between the defendant and the Government, the defendant and his attorney agree that the forfeiture ordered hereunder will be a part of the sentence of the Court whether ordered at that proceeding or not and whether or not attached as a part of the said Judgment in the Criminal Case.

IT IS, THEREFORE, ORDERED AND ADJUDGED AS FOLLOWS:

a. That the defendant shall forfeit to the United States,

**$1,644,360.00 Money Judgment**.

b. The Court has determined, based on the defendant's plea agreement, that the following property is subject to forfeiture pursuant to Section 981(a)(1)(c), Title 18, United States Code, and Section 2461, Title 28, United States Code, that the defendant had an interest in such property[1] and that the government has established the requisite nexus between such property and such offenses:

**$1,644,360.00 Money Judgment**.

c. That any ancillary hearing is hereby dispensed with as the forfeiture provides for a money judgment. Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Order of Forfeiture shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment, and that this order shall be enrolled

---

[1] Rule 32.2(b) provides that the court must defer determining whether or not the defendant has an interest in the forfeited party until the ancillary proceeding when third parties are entitled to contest the forfeiture on the ground that the property belongs to them, and not to the defendant. However, if no third party files a claim, the court must make a determination that the defendant (or some combination of defendants) has an interest in the property before the preliminary order of forfeiture becomes final. *See* Rule 32.2(c)(2). In some situations, it may be advisable to foreclose the separate determination of interest under Rule 32.2 by having the court make that determination "up front" upon entering the preliminary order of forfeiture. In other situations, *e.g.,* where the defendant is planning to object to the order of forfeiture on the ground that the property belongs to a third party, it may be better to take advantage of Rule 32.2(b) and postpone the determination of interest until the ancillary proceeding.

in all appropriate Judgment Rolls.

The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

SO ORDERED AND ADJUDGED this ___28th___ day of June 2010.

                                                _____s/ David Bramlette_____
                                                UNITED STATES DISTRICT JUDGE